Filed 9/30/20  P. v. Thompson CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAYMOND ANDREW THOMPSON,<br><br>    Defendant and Appellant. | B300849<br><br>(Los Angeles County<br>Super. Ct. No. MA037159) |

APPEAL from an order of the Superior Court of Los Angeles County, Denise McLaughlin-Bennett, Judge.  Affirmed.

_____

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Colleen M. Tiedemann, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Raymond Andrew Thompson appeals from an order denying his motion under Penal Code[1] section 1203.01 for a hearing to be held pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*). For the reasons given below, we affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On March 19, 2007, Thompson pleaded no contest to one count of attempted murder. (§§ 187, 664.) He also admitted that he personally used a firearm in the commission of the crime (§ 12022.5, subd. (a)), and that the crime was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). The court accepted the plea and sentenced Thompson to 18 years in prison.

On July 22, 2019, Thompson filed a document in the superior court titled, "Penal Code 1203.01 Motion Pursuant to *In re Cook* (June 3, 2019, S240153 Cal.5th)." Thompson requested a hearing under *Franklin* for the purpose of creating a record of youth-related mitigating factors to be available for use at a youth offender parole hearing.

On August 5, 2019, the court denied the motion. Among other reasons, the court stated that Thompson failed to indicate why he is entitled to relief under *In re Cook* (2019) 7 Cal.5th 439 (*Cook*).

Thompson timely appealed.

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

## DISCUSSION

In 2013, the Legislature enacted section 3051. (Stats. 2013, ch. 312, § 4.) As amended in 2017, section 3051, subdivision (b)(1) provides: "A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the sentence is a determinate sentence shall be eligible for release on parole at a youth offender parole hearing during the person's 15th year of incarceration." (§ 3051, subd. (b)(1).) At the youth offender parole hearing, the parole board "shall give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801, subd. (c).)

In *Franklin*, the defendant was eligible for a youth offender parole hearing under section 3051 but, because he had been sentenced prior to the enactment of that statute, he may not have had a sufficient opportunity to make an accurate record of his "characteristics and circumstances at the time of the offense" to enable the parole board to "properly discharge its obligation to 'give great weight to' youth-related factors." (*Franklin*, *supra*, 63 Cal.4th at p. 284.) The Supreme Court remanded the case to the trial court to determine whether the defendant had an opportunity to make such a record. (*Ibid.*) If the defendant did not have that opportunity, he was entitled to a hearing where he could "place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors." (*Id.* at p. 284; see also *People v. Rodriguez* (2018) 4 Cal.5th 1123, 1131–1132.)

3

In *Cook*, the Supreme Court held that an inmate entitled to a youth offender parole hearing under section 3051 "may seek the remedy of a *Franklin* proceeding even though the offender's sentence is otherwise final." (*Cook, supra,* 7 Cal.5th at p. 451.) The *Cook* court then considered the question: "How does a juvenile offender with a final conviction gain access to the trial court for an evidence preservation proceeding?" (*Cook, supra,* 7 Cal.5th at p. 451.) The answer, the court explained, is by filing "a motion in [the] superior court under the original caption and case number, citing the authority of section 1203.01 and [the *Cook*] decision."[2] (*Id.* at p. 458.) Such a motion, the court stated, "does not impose

---

[2] Section 1203.01, subdivision (a) provides: "Immediately after judgment has been pronounced, the judge and the district attorney, respectively, may cause to be filed with the clerk of the court a brief statement of their views respecting the person convicted or sentenced and the crime committed, together with any reports the probation officer may have filed relative to the prisoner. The judge and district attorney shall cause those statements to be filed if no probation officer's report has been filed. The attorney for the defendant and the law enforcement agency that investigated the case may likewise file with the clerk of the court statements of their views respecting the defendant and the crime of which he or she was convicted. Immediately after the filing of those statements and reports, the clerk of the court shall mail a copy thereof, certified by that clerk, with postage prepaid, addressed to the Department of Corrections and Rehabilitation at the prison or other institution to which the person convicted is delivered. The clerk shall also mail a copy of any statement submitted by the court, district attorney, or law enforcement agency, pursuant to this section, with postage prepaid, addressed to the attorney for the defendant, if any, and to the defendant, in care of the Department of Corrections and Rehabilitation, and a copy of any statement submitted by the attorney for the defendant, with postage prepaid, shall be mailed to the district attorney."

4

the rigorous pleading and proof requirements for habeas corpus." (*Id.* at p. 457.) The motion must, however, "establish the inmate's entitlement to a youth offender parole hearing and indicate when such hearing is anticipated to take place, or if one or more hearings have already occurred." (*Id.* at p. 458.)

Here, Thompson's motion contained the caption and case number of his original criminal case and he cites, in the title of his motion and in the first sentence of its text, section 1203.01 and the Supreme Court's *Cook* decision. The motion thus satisfies *Cook*'s procedural requirements.

Substantively, Thompson's motion discusses at some length the development of the law concerning youth offenders, the nature and purpose of youth offender parole hearings, section 3051, and the *Franklin* decision. He states that a youth offender parole hearing has been scheduled for him and that, under *Franklin* and related authority, evidence of his youth-related diminished culpability would be relevant. He further states that, at the time of his sentencing in 2007, such evidence was not relevant and he has not been given a sufficient opportunity to put such information on the record. Such evidence, he concludes, "must be preserved for the record now."

Thompson's motion, however, does not meet even the low evidentiary threshold that *Cook* set for such motions. In particular, Thompson did not state his age at the time he committed the "controlling offense" and thus failed to establish his entitlement to a youth offender parole hearing. (See *Cook*, *supra*, 7 Cal.5th at p. 458; § 3051, subd. (b)(1) [one who has been given a determinate sentence is eligible for a youth offender parole hearing if he or she was 25 years of age or younger when the controlling offense was committed].) Nor does Thompson state when a youth offender parole hearing in his case is anticipated or if any hearings have occurred. (See *Cook*, *supra*, 7 Cal.5th at p. 458.)

On appeal, Thompson refers us to points in the record of his 2007 conviction indicating that he was 18 years old when he committed the pertinent offense. He did not, however, provide these references to the record to the trial court; nor did he provide other evidence, such as his declaration—or even an unverified statement in his motion—to indicate his age. The court was not required to scour the record to ascertain this information, particularly when Thompson could have easily provided it with his motion.

Nor did he provide the date of his parole hearing or when he anticipates one is likely to take place. Thompson's referral in his appellate briefing to the website for the California Department of Corrections and Rehabilitation, which provides certain information about inmates in California prisons does not change the result. According to Thompson, this website will show that he has a youth offender parole hearing set for July 2021. Neither this website link nor the information Thompson contends it will show was provided to the trial court or included in our record on appeal. Again, it is his duty to provide that information to the trial court. It is not the duty of the trial court to search outside the record to possibly find omitted information.

Because Thompson has failed to establish error, the court's order is affirmed.

## DISPOSITION

The August 5, 2019 order denying Thompson's motion under section 1203.01 is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


SINANIAN, J.*

---

*\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.*